1  Vanessa W. Vallarta, City Attorney, #142404
   OFFICE OF THE CITY ATTORNEY
2  CITY OF SALINAS
   200 Lincoln Avenue
3  Salinas, CA 93901                                    *E-FILED 4/13/07*
   Telephone:  (831) 758-7256
4  Facsimile:  (831) 758-7257

5  Vincent P. Hurley #111215
   Douglas F. Young #84531
6  LAW OFFICES OF VINCENT P. HURLEY
   A Professional Corporation
7  38 Seascape Village
   Aptos, CA 95003
8  Telephone:  (831) 661-4800
   Facsimile:  (831) 661-4804

9
   Attorneys for Defendants
10 CITY OF SALINAS, SALINAS POLICE DEPARTMENT,
   MICHAEL RODDEN, WILLIAM GASTON, IAN TITUS,
11 JEFFREY ALFORD, STEPHEN CRAIG, and DANIEL ORTEGA

12

13                    UNITED STATES DISTRICT COURT

14              FOR THE NORTHERN DISTRICT OF CALIFORNIA

15                          SAN JOSE DIVISION

16

17 JEFFREY LOUIS DANNEMILLER,              )   Case No. C-06-03293 JW (RS)
                                          )
18                         Plaintiff,     )   [PROPOSED] STIPULATED
                                          )   PROTECTIVE ORDER GOVERNING
19        vs.                             )   CONFIDENTIAL MATERIAL
                                          )
20 CITY OF SALINAS, SALINAS POLICE        )
   DEPARTMENT OFFICERS MICHAEL            )
21 RODDEN (#75344), WILLIAM GASTON        )
   (#30482), IAN TITUS (#84685), (fnu)    )
22 ALFORD (bnu), (fnu) CRAIG (bnu),       )
   VARIOUS DOE OFFICERS, CHIEF            )
23 DANIEL ORTEGA, VARIOUS DOE             )
   SUPERVISORY OFFICERS, AND              )
24 VARIOUS DOE CITY OFFICIALS, in both    )
   their individual and official capacities, )
25                                        )
                           Defendants.    )
26                                        )

27

28

                                    1

1    Plaintiff JEFFREY LOUIS DANNEMILLER and Defendants CITY OF SALINAS,

2  SALINAS POLICE DEPARTMENT, SALINAS POLICE DEPARTMENT OFFICERS

3  MICHAEL RODDEN, WILLIAM GASTON, IAN TITUS, JEFFREY ALFORD, STEPHEN

4  CRAIG and CHIEF OF POLICE DANIEL ORTEGA (collectively "the Parties") by and through

5  their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of,

6  the following Protective Order:

7    GOOD CAUSE APPEARING, the parties stipulate, through their attorneys of record, to

8  the entry of an order as follows:

9    1.    The following procedures shall be employed and the following terms, conditions,

10  and restrictions shall govern with respect to all discovery produced and disclosed by parties in

11  this proceeding, including all information contained in writings and documents (as broadly

12  defined by Federal Rule of Civil Procedure 34), video and audio recordings, deposition

13  testimony, deposition exhibits, interrogatory responses, and other written, recorded, or graphic

14  matters including electronic databases (the "Discovery Material").

15    2.    This Confidentiality Order shall govern all Discovery Material containing

16  information that the designating or producing party considers in good faith to be or to contain

17  Confidential Material, and such designating or producing party shall be stamped or otherwise

18  designate such Discovery Material "Confidential".

19    3.    Such Confidential Material shall include, without limitation all Discovery

20  Material which is marked "Confidential" and: contains peace officer personnel information;

21  Discovery Material related to any complaints or claims made against or about any employee of

22  the City of Salinas (the "City") produced by Defendants; Discovery Material related to personnel

23  records of any City employee produced by Defendants and squad assignments or rosters and

24  memoranda related thereto produced by Defendants.

25    4.    A party may challenge the opposing party's designation of requested discovery

26  material as confidential by engaging in a meet and confer process (in writing or orally), with

27  opposing counsel, indicating which information the challenging party believes does not warrant a

28  confidentiality designation.  The challenging party must then explain the basis for the challenge

2

1    and try to persuade the opposing party to change its position.  If that direct effort at persuasion

2    fails and the party seeking protection refuses to accept disclosure pursuant to the Stipulated

3    Protective Order, the challenging party should turn to the Court by filing a focused motion to

4    compel.

5           5.      Any Confidential Material produced in this action, including the information

6    contained therein, and any summaries, copies, abstracts or other documents derived in whole or

7    in part from such information shall be used only for the prosecution, defense or settlement of this

8    action.  Except by order of the Court, material produced or disclosed in this case shall not be

9    used by any party other than the party providing documents ("Producing Party") for any other

10   purpose, including, without limitation, any business or commercial purpose.  Any party receiving

11   documents ("Receiving Party"), agrees to inform the Producing Party in the event a third-party

12   requests Confidential Material from the Receiving Party.

13          6.      Confidential Material shall be made available only to the Parties; counsel of

14   record engaged for the preparation for trial or any other proceeding in this action, including

15   attorneys, secretaries, paralegals, and all other staff of such counsel; consultants and experts

16   retained by the Parties or their counsel to consult or testify in the case; and other deponents or

17   trial witnesses whom counsel in good faith believe may serve as fact witnesses either at

18   deposition or trial and whose testimony requires that Confidential Material be disclosed to such

19   witnesses.

20          7.      The persons receiving such documents or information shall use them solely for

21   the purpose of this litigation.  Confidential Material may be disclosed to persons only to the

22   extent necessary for the preparation or trial of this case.  Confidential Material shall not be

23   disclosed directly or indirectly to any other person other than as provided in this Order, except by

24   agreement of the Producing Party.  Unauthorized disclosure of the substance, a summary, or any

25   portion of a confidential document constitutes a violation of this Order.

26          8.      In the event that any Confidential Material is disclosed to anyone beyond the

27   scope of that permitted by this Order, whether by agreement or subsequent order, each person

28

3

1 receiving such disclosure shall be shown a copy of this Order and shall sign a statement agreeing

2 to be bound by this Order.  This Order is enforceable in contempt proceedings.

3       9.     Any briefs, transcripts, exhibits, depositions, or documents which are filed or

4 lodged with the Court which comprise, embody, summarize, discuss, or quote from Confidential

5 Material shall be lodged and/or filed under seal consistent with the procedures outlined in Local

6 Rule 79-5, unless the Court otherwise orders.

7       10.    Nothing in this Order shall be deemed to:  (1) limit or waive any right of any

8 party to resist or compel discovery with respect to documents or other material which may be

9 claimed to be privileged or otherwise protected or protectable; (2) preclude any party at any time

10 from seeking and obtaining from the court, on an appropriate showing, additional protection,

11 including an order that material shall not be produced at all; or (3) constitute a ruling on the

12 admissibility of any documents or other material as evidence in this action.

13       11.    All documents covered by this Order and copies thereof will be destroyed or

14 returned to the Producing Party at the termination of this litigation.  On final disposition of this

15 case, the Receiving Party's counsel shall within one month after the final disposition of this case,

16 without request or further order of this Court, and if not already destroyed, return all Information

17 to the Producing Party's counsel of record in this matter.  The provisions of this Order, insofar as

18 they restrict the communication and use of the documents or information covered by this Order,

19 shall, without written permission of the Producing Party or further order of the court, continue to

20 be binding after the conclusion of the action.

21       12.    Should the Receiving Party fail to comply with this agreement, such party and its

22 counsel may be liable for all costs associated with enforcing this agreement, including but not

23 limited to all attorney fees in amounts to be determined by the court.

24       13.    The parties agree to submit to the jurisdiction of this Court if any dispute arises

25 over their use of the information.  The Court's jurisdiction to enforce the terms of this Order

26 shall extend six months after the final termination of the action.

27 / / /

28 / / /

4

1    14.    Nothing in this agreement shall prevent a Receiving Party from seeking a court

2    order challenging the confidential material designation by the Producing Party of these

3    documents.

4    Dated:  April 13, 2007

5                                                          LAW OFFICES OF DENNIS CUNNINGHAM

6

7                                                          By:  _____/s/_____
                                                                 W. GORDON KAUPP
8                                                          Attorneys for Plaintiff JEFFREY LOUIS
                                                          DANNEMILLER
9

10   Dated:  April 13, 2007

11                                                         LAW OFFICES OF VINCENT P. HURLEY
                                                          A Professional Corporation
12

13                                                         By:  _____/s/_____
                                                                 DOUGLAS F. YOUNG
14                                                         Attorneys for Defendants CITY OF SALINAS,
                                                          SALINAS POLICE DEPARTMENT, MICHAEL
15                                                         RODDEN, WILLIAM GASTON, IAN TITUS,
                                                          JEFFREY ALFORD, STEPHEN CRAIG, and
16                                                         DANIEL ORTEGA

17   Dated:  April 13, 2007

18                                                         VANESSA W. VALLARTA, City Attorney
                                                          JESSICA K. STEINBERG, Deputy City Attorney
19

20                                                         By:  _____/s/_____
                                                                 VANESSA W. VALLARTA
21                                                         Office of the City Attorney for the City of Salinas

22                                   **ORDER**

23        Upon good cause shown, the above Stipulation of the parties is hereby approved and

24   made the Order of this Court.

25

26   Dated:  ____April 13, 2007____

27                                                         By:  _____
                                                                 The Honorable Richard Seeborg
28                                                         United States District Court Judge

5